**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ANNE M. MYRTHIL,

    Plaintiff,

v.                                                 Case No. 8:08-cv-247-T-TBM

MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,

    Defendant.
                                           /

## **O R D E R**

The Plaintiff seeks judicial review of the denial of her claims for Social Security disability benefits and Supplemental Security Income payments. For the reasons set out herein, the decision is affirmed.

I.

Plaintiff was thirty-eight years of age at the time of her administrative hearing in February 2007. She stands 5' 4" tall and weighed 236 pounds. Plaintiff has a high school education with additional vocational training. Her past relevant work was as a medical assistant and nursing assistant. Plaintiff applied for disability benefits and Supplemental Security Income payments in August 2004, alleging disability as of May 1, 2004, by reason of back and leg pain. The Plaintiff's applications were denied originally and on reconsideration.

The Plaintiff, at her request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ"). The Plaintiff was represented at the hearing by counsel and testified in her own behalf. Additionally, a vocational expert was called by the ALJ.

In essence, Plaintiff testified she can no longer work because of pain in her low back, buttocks, and right leg caused by bulging discs. She has pain every day whether sitting, standing, or lying down. She can not sit too long without a burning pain on her right side. The pain runs down her right leg and the leg goes numb. She described the sensation in her buttocks and leg as "tingling" and "burning." She described her pain as so bad it makes her scream. This occurs "often," four or five times a month. When her pain is bad, she just stays in bed all day with a heating pad. On other days, she drives her five year old son to school, returns home, takes her medications and then lies down. She takes Percocet, Lyrica, and Flexeril for her pain. The medications make her drowsy and she sleeps four to five hours during the day as a result. She has also received injections for the back and leg pain but they have provided little relief and only for a few days. Her inactivity has caused her to gain 80 pounds in two and a half years. She has not had surgery and none as yet has been recommended. She last worked in August 2004. At that time, she was seeing a doctor on a regular basis. She has not been treated on a regular basis since December 2004 because she does not have insurance. She denies any social life. She no longer goes to church or fishes but she watches television. She does grocery shopping every two weeks and uses a scooter to get around.

Regarding her physical capacity, Plaintiff testified that she can sit for only thirty minutes without having to shift her position. She can stand with her cane for about five

2

minutes and she can walk for five to ten minutes. She cannot lift more than five pounds. (R. 313-29).

Steven Simon, Ph.D., a vocational expert ("VE") testified next. He described Plaintiff's job as a medical assistant as light, skilled work and her job as a nursing assistant as medium, semi-skilled work, which was actually performed at the very heavy strength level. Assuming a person of Plaintiff's age, education and work experience and capable of light exertional work with occasional postural limitations but no climbing ladders, scaffolds, ropes or at unprotected heights, the VE testified that such person could perform Plaintiff's past work as a medical assistant. If such hypothetical person was limited to sedentary work and had to lie down for eight hours in an eight-hour day, three to four times a month, no jobs would be available. (R. 328-330).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary.

By his decision of March 23, 2007, the ALJ determined that while Plaintiff has severe impairments related to degenerative disc disease of the lumbar spine, she nonetheless had the residual functional capacity to perform light exertional work with occasional postural limitations and no climbing or working at unprotected heights. Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could perform her past work as a medical assistant. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 21-28). The Appeals Council denied Plaintiff's request for review.

II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw

inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

III.

The Plaintiff raises three claims on this appeal. As stated by the Plaintiff, they are as follows:

(1) The ALJ should have given controlling weight to the opinion of Dr. Guerrier and found the claimant disabled;

(2) The finding by the ALJ that the claimant was not entirely credible is not supported by substantial evidence; and

(3) This case should be remanded for the ALJ to reassess the finding of the State agency medical consultant who found the claimant credible. As the ALJ did not find the

5

claimant's (sic) entirely credible, and this consultant did, the ALJ is required to explain why the opinion of the consultant regarding credibility is rejected.

By her first claim, Plaintiff argues that the reasons provided by the ALJ for discounting the assessment of Dr. Frederic J. Guerrier are unsupported by the record.[1] According to Plaintiff, the ALJ should have given this doctor's opinion controlling weight and found her disabled. Plaintiff also argues that the ALJ gave greater weight to the opinions of the non-examining state agency doctors and the opinions of Dr. Lora L. Brown and Dr. Harish Patel. By Plaintiff's reading of the objective medical record and the reports from Drs. Patel and Brown, Dr. Guerrier's conclusions were fully supported. (Doc. 19 at 12-15).

In response, the Commissioner argues that the ALJ's assessment of the objective medical record and the doctor's own findings, as well as those of other specialists, was appropriate because the record does not support Dr. Guerrier's highly restrictive assessment. (Doc. 20 at 3-9).

When considering a treating physician's testimony, the ALJ must ordinarily give substantial or considerable weight to such testimony unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004); *Lewis v. Callahan*, 125 F.3d 1436,1440 (11th Cir. 1997); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Good cause for rejecting a treating source's opinion may be found where the treating sources's opinion was not bolstered by the evidence, the evidence supported a contrary finding, or the treating source's opinion

---

[1] By this doctor's assessment on October 11, 2005, Plaintiff was limited to less than sedentary exertional work and had to occasionally lie down at work. (R. 202-04).

was conclusory or inconsistent with his or her own medical record. *Phillips*, 357 F.3d at 1240-41 (citing *Lewis*, 125 F.3d at 1440); *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). In this circuit, where the Commissioner has ignored or failed properly to refute the treating physician's testimony, such testimony, as a matter of law, must be accepted as true. *MacGregor*, at 1053.

Here, the decision reflects that the ALJ discounted Dr. Guerrier's assessment on the basis of his review of the objective medical record. Thus, in supporting his decision to discount Dr. Guerrier's assessment, the ALJ pointed to the records from Dr. Patel, a neurologist, and Dr. Brown, a pain management specialist, as well as those from the non-examining, state agency doctors and Dr. Guerrier. By the ALJ's review, Dr. Guerrier's assessment was based largely on Plaintiff's subjective complaints and simply was overstated in light of his findings, the objective tests, and the clinical findings from Drs. Patel and Brown. (R. 27). As for the residual functional capacity ("RFC") assessments by the state agency doctors, the only such assessments in the record, ALJ concluded that the assessments were, for the most part, consistent with the medical record. *Id.*

Upon my own review of the medical record, I am obliged to conclude that the ALJ has stated adequate good cause to reject the assessment by Dr. Guerrier. A review of the objective testing reveals generally normal findings apart from "mild" or "minimal" findings in relation to the Plaintiff's lumbar spine. As the ALJ accurately reported, a MRI in August 2004 revealed a "small annular tear with a very small left paracentral disc herniation [at L4-5]." (R. 175). The expert's impression from a CT scan in November 2004 was for "a mild asymmetric bulge at L4-L5 lateralizing to the left of midline. No other discrete lesion

7

identified." (R. 171). A bilateral lower extremity venous doppler ultrasound revealed no evidence of deep venous thrombosis. (R. 181). Later nerve conduction studies ordered by the neurologist, Dr. Patel, suggested tibial and peroneal neuropathies and L-S radiculopathies, but the doctor's clinical findings were favorable apart from decreased range of motion in the lower extremities and lumbar spasms. There were no motor, reflex or sensory deficits and Plaintiff's gait was normal. Dr. Patel's last note recommended only that Plaintiff continue her medications. (R. 258-63). As the ALJ noted, neither Dr. Patel nor the pain management specialist, Dr. Brown, imposed any limitations or restrictions on the Plaintiff. While Dr. Brown made similar findings concerning decreased range of motion and muscle spasm and noted an antalgic gait, Dr. Brown's findings were also otherwise normal in all other areas. As indicated by the ALJ, Dr. Brown noted that an assistive device was not medically necessary for walking. A later MRI from January 2007 reported "minimal disc disease and neural foraminal changes secondary to facet disease seen at multiple levels most most (sic) significant at the L4-5 level." (R. 291). Upon my review, the ALJ could properly conclude from these records, as well as Dr. Guerrier's own records,[2] that Plaintiff's degenerative spinal condition simply did not give rise to the degree of functional loss noted by Dr. Guerrier.

In sum, given the state of this medical record and the support it lends to the ALJ's conclusions, I can find no reversible error in this instance. While it is true that in discounting the doctor's assessment the ALJ also noted that Plaintiff had worked for this doctor, a fair

---

[2]Dr. Guerrier's notes suggest that the Plaintiff's condition was not wholly disabling as such is defined under the Act. Thus, he noted in an August 2004 letter that Plaintiff "may not be able to work for the next 3 to 6 months." (R. 205).

8

reading of the decision suggests that the doctor's conclusion were based significantly on her subjective complaints rather than clinical findings. Further, even if this observation offered no basis to question the doctor's opinion, when read in full, the decision otherwise adequately explains why the doctor's assessment was properly given less weight.

For similar reasons, I find no error in the ALJ's credibility determination. By this claim, Plaintiff urges that the reasons stated by ALJ in concluding that her subjective complaints were not entirely credible are not supported by substantial evidence. Thus, she urges that the last MRI suggested a worsening of her condition rather than an improvement, and the ALJ was duty bound to obtain the assistance of a medical expert to interpret the MRI before drawing any conclusions from the same. Plaintiff also contends that the ALJ's reliance on her lack of facial gestures while sitting for 45 minutes during the evidentiary hearing, which she claims lasted only 26 minutes, was also error. By her argument, such conclusions were inappropriate and do not offer substantial evidence to support a finding of a lack of credibility. Finally, she urges that the ALJ erred in concluding that she walked with an exaggerated, abnormal gait as he is not a trained clinician entitled to make such judgments. (Doc. 19 at 15-17).

In response, the Commissioner urges that the ALJ's credibility determination was primarily based on the medical record and Plaintiff's inability to prove a disabling condition. Further, the Commissioner urges that the ALJ's reference to Plaintiff's demeanor was not a wholly inappropriate consideration. (Doc. 20 at 3-10).

In this circuit, subjective complaints such as pain, fatigue or dizziness are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability

9

through subjective symptoms. By this standard, there must be evidence of an underlying medical condition and either objective medical evidence that confirms the severity of the alleged symptom arising from the condition or evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If the ALJ determines not to credit subjective testimony, he must articulate explicit and adequate reasons for his decision. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); *Jones v. Dep't of Health & Human Servs.*, 941 .2d 1529, 1532 (11th Cir. 1991). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *See Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987).

Here, the decision reflects the ALJ's conclusion that, while Plaintiff's medical impairments could reasonably be expected to produce the symptoms alleged, her statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. This conclusion was reached after a full and fair review of the medical record. By the ALJ's determination, Plaintiff exaggerated her symptoms to the extent that she claimed she was unable to perform work at any level. To place this conclusion in context, Plaintiff testified at the hearing that her back pain left her essentially bedridden each day; some days her pain was so bad she would scream. She also testified that she awoke each day, took her son to school, and returned to take her medication and lay down for the rest of the day. The conclusion that such testimony was overstated has to be read in the light of the medical record the ALJ reviewed and not just one MRI which Plaintiff believes the ALJ misinterpreted. In

10

any event, what the ALJ noted about the January 2007 MRI was accurate and essentially straight from the report, which supported a conclusion of a mild degenerative disc condition and not a disabling impairment. As for the references to Plaintiff sitting for 45 minutes during her hearing without outward evidence of pain, case law suggests that such observations are not wholly inappropriate where they are not the sole basis for discrediting testimony. *See Macia v. Bowen*, 829 F.2d 1009, 1011 (11th Cir. 1987) (providing that, "[t]he ALJ is not prohibited 'from considering the claimant's appearance and demeanor during the hearing.'") (quoting *Norris v. Heckler*, 760 F.2d 1154, 1158 (11th Cir. 1985)). Likewise, the ALJ's observation that Plaintiff walked away with an exaggerated, antalgic gait and with her cane in her left hand are clearly pertinent observations in light of the medical record concerning the same.

While the ALJ undoubtedly could have said it better, a fair reading of the decision reflects that the subjective evidence was considered in accordance with the applicable standard[3] and in the light of the medical record as a whole, which simply did not support the claim for disabling symptoms. The observations of a lack of grimacing while sitting at the hearing, even if inappropriate, would not call for a remand in this instance.

Finally, Plaintiff complains that while the ALJ adopted the residual functional capacity ("RFC") assessment of the state agency doctors, he did not adopt their findings that Plaintiff was credible. Plaintiff urges that the ALJ should have explained this and given a reason for the decision not to fully credit their opinions. (Doc. 19 at 17-18). Here, I disagree

---

[3]Proper application of the regulatory standard will satisfy this circuit's pain standard. *See Wilson,* 284 F.3d at 1226.

11

with the Plaintiff's assumption that the ALJ did not accept the findings by these doctors concerning her credibility or that he owed a greater explanation than the one given in the decision. As urged by the Commissioner (Doc. 20 at 7), these doctors found Plaintiff's symptoms credible to the extent of their RFC assessments. So did the ALJ. As for providing an explanation, the regulations dictate that the ALJ must consider the findings and opinions of state agency doctors although they are not bound by their conclusions. Unless the treating source's opinion is given controlling weight, the ALJ must explain the weight given to the opinions of the state agency doctors. *See* 20 C.F.R. §§ 404.1527(f)(2) and 416.9927(f)(2). Consistent with these regulations, the decision reflects that the ALJ reviewed the state agency doctors' assessments, found them consistent with the available evidence from the treating sources, and gave them controlling weight on the matter of the Plaintiff's RFC for light work. No further explanation appears required.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

**Done and Ordered** at Tampa, Florida, this 29th day of June 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record